Court is in session. Please be seated and let's call the final case for this morning. Thank you, Judge. The next case, number 24-2005, Continental Lord, Inc. v. Redondo Construction Corporation et al. At this time, would counsel to the appellant please come to the podium and introduce yourself on the record to begin. Good morning to the judges and court personnel. For the record, Isabel Fullana, counsel for Continental Lord, Inc. appellant hearing. We would request the judge help me that we reserve two minutes for rebuttal. Okay, you have two minutes for rebuttal. Thank you. Please proceed. The central legal question before this appellant court is whether the bankruptcy court dismissal of Continental's adversary proceeding was an error of rule. Continental understands and argues that it was. That it incorrectly concluded that it lacked subject matter jurisdiction under Section Title 28 U.S. 33. Wouldn't contempt of court be the proper vehicle? You could still get a remedy. The thing is, it is our contention, Continental's contention, that the sequence of orders constituted a money judgment. And this, the courts within this circuit have stated that the mechanism of a contempt is not the proper vehicle to execute or request the payment of a debt. Actually, it's not cited in the cases, but there's a case from the circuit court, Aetna v. Markheim, which specifically says that when an entity fails to comply with a money judgment, it is a read of execution of the proper vehicle and not a motion for contempt. But that also brings us. I'm sorry, is that a case from the Puerto Rico Supreme Court? No, it's the district court. I'm sorry, the federal circuit court. But was that a bankruptcy case? Let me verify because I, no, it's not a bankruptcy case. Can I ask you just from a practical matter, once the bankruptcy court and the district court issued their rulings and say that really the appropriate process for you to follow here would be a motion to enforce, a motion for contempt in the underlying bankruptcy proceeding, why doesn't your client just pursue that avenue rather than an appeal? Is there a practical reason from your client's perspective why you want to pursue this in an adversary proceeding process? Our client's concern is if the bankruptcy court stated or determined that it lacked jurisdiction to contemplate the execution of a judgment or the execution of an order which addressed the computation of an interest award, why would the court have contempt order authority to precisely do that? So we would, our client decided to present this position that the bankruptcy court does have jurisdiction. Wait a minute. I'm sorry? I'm not following. Are you saying that because the bankruptcy court hasn't articulated something clearly enough to constitute a judgment that you don't think you would be able to pursue a contempt proceeding because it would not be clear that the other side would be in contempt?  No, Your Honor. It's because it is our position that that's not the correct vehicle to obtain a relief or a payment on an order that determined that my client was awarded or has the right to get paid $1,300,000. Have you determined that it also is not an alternative vehicle? It might be an alternative vehicle, but we would Why aren't you pursuing it? I mean, if it's a valid alternative procedure, is there some reason you want to be in bankruptcy court as opposed to some other court? My client wants to stay in bankruptcy court. The genesis of Is that because you think that the other possible creditors have your client's money and you think you would be more successful in bankruptcy court recouping money from folks who got the interest money that you thought belonged to you? That is correct, Your Honor. Okay, so that's the practical reason to be in bankruptcy court. But if you're not in bankruptcy court, where would you be? In district court? Probably because upon information and belief, two of the stockholders no longer live in Puerto Rico or are not residing in Puerto Rico. So it would be ending in the district court for collection or whatever. So you said it would or would not. I believe it would be an issue of diversity in as much as certain of the entities are no longer domiciled here in Puerto Rico. Upon information and belief, at the time If you're seeking contempt against those two entities, you don't have to file a new case and find diversity. There's already jurisdiction, if I'm not incorrect. But the process of contempt, if I may address the court, as to the These are parties to a federal court proceeding, and it's, you know, so Contempt usually grants sanctions for not complying. And a sanction could be pay the amount because you should have paid it for now. But it's the same thing as execute judgment, saying you need to pay the amount awarded. And in furtherance of such execution, you could request from the bankruptcy court, which is our main concern, the disgorgement of the payments that were made over which the debtor and its officers had no legal right to collect. Because that's the gist of this case. There was a litigation trust created, which ensued certain causes of action against certain entities, governmental entities, which resulted in a judgment. It took almost 17, more than 20 years, to finally be in this point, that my client has an award for an order that says that he's entitled to $300,000. If we go, if we should, if my client would go, would choose to file in the state court, all this documentation would be needed to be translated. Well, the state courts consider documents filed in English. That's That is true, Your Honor, but without considering it disrespectful of the Puerto Rico courts. Knowledge as to proceedings in bankruptcy are very limited. In as much as, in this case, there is jurisdiction over the debtor. So I assume also you're interested in bankruptcy court, because obviously the bankruptcy judges are the experts in bankruptcy law. District court judges get appeals. We get appeals, but they're doing the nitty-gritty day after day. That is correct. And they were the court that addressed the issue. Judge Lamour reopened the case, determined that it had core jurisdiction, addressed the issues regarding my client's pass-through claim, and the liquidation agreement that was incorporated in the plan. So if we go to state court, I would have to explain to the court the process of the reorganization, the concept of the binding provisions of a confirmed plan. Well, that is day-to-day matters before the bankruptcy court. Counsel, just moving to the merits of what the bankruptcy court held here, you agree that the plan was substantially consummated before you filed this adversary proceeding, correct? If we understand, the reorganization plan contemplated or incorporated my client's pass-through claim. That's not my question, though, because... I know it's not. Hear me for a little bit, if I may. Inasmuch as my client was not paid as part of the binding provisions of the confirmed plan, it is our position that such plan has not been fully consummated. But that's not the standard, right? No, it's not. What the district court looked at was whether the plan had been substantially consummated and concluded that it had been, and then it went on to say, given that the debtor here has reorganized, this wasn't a liquidation, this was a reorganization, the debtor has reorganized, there is no bankruptcy estate anymore, and therefore concluded there isn't related to jurisdiction. What do you think is wrong about that legal analysis? It's wrong inasmuch as within the bankruptcy court, reorganizations can be of two kinds. One in which a business continues, intends to continue operating and proposes a pro rata distribution to its creditors and goes to the marketplace and keeps on working, doing its business as if it's outside of the bankruptcy court. The other type of reorganization claimants are those which are a liquidating plan, in which actually the business is winded out, winded in, and the assets are sold or collected and distributed. This is the case here particularly. And notwithstanding the fact that it has been consummated, there are cases, actually the case which the- This is a reorganized debtor. The debtor is doing business, reentered the marketplace, correct? Upon confirmation, the property did not vest into the debtor. It vested into a litigation trust. We may speak of a reorganized debtor, but he has no property. The property and the causes of actions were transferred and vested into the liquidation trust for the collection, the insurance of collection proceedings and the distribution of the funds that were ultimately collected. So is the debtor back in the marketplace? No. No? All right, so the debtor is essentially liquidated and the only thing left from the bankruptcy estate is this trust with the concept of somebody gets the money and it's a matter of who. Exactly. And some of the money was distributed to entities that had no legal right to that money because my client, since prior to the filing of the bankruptcy proceeding in 1997, entered into an agreement in which he agreed that the contractor would pursue his subcontractor claim against the owner with the condition that if the owner paid, he would recover its participation. And that's precisely what happened here. So you're essentially looking for like a clawback. I'm sorry? You're essentially looking for like a clawback from the folks who got the money and should not have gotten the funds that were in the trust. Yes, we could understand that the trust was in its funds, that part of the interest was computed on the basis of the principal amount of the subcontractor. And the bankruptcy court understands how the money was to be distributed. The best understands how the money was to be distributed. It is my understanding that yes. But I believe he was not made aware in time that the funds were already distributed. Thank you, counsel. You're welcome. At this time, would counsel for the appellee please come and introduce himself on the record to begin? Good morning, Your Honor. Please, it's Arturo Gonzalez-Martin on behalf of the police. Your Honor, this appeal represents a single dispositive jurisdictional question, and that is whether the bankruptcy court returns post-confirmation subject jurisdiction under 28 U.S. Code 1334B to adjudicate a newly filed adversary proceeding asserting purely state law claims between non-debtors after confirmation and substantial consummation of a plan and creditors being paid in full. The bankruptcy court correctly concluded that it lacked jurisdiction and it was properly affirmed by the district court. This case does not concern the merits of an alleged debt. It concerns the structural limits of federal bankruptcy jurisdiction. Those limits ended or at least contracted after the plan was confirmed and substantially consummated. Counsel, let me ask you a basic factual question. I had understood this to be a reorganization bankruptcy, not a liquidation. It's a liquidation bankruptcy. I'm sorry? To my view, it's a liquidation bankruptcy. Assets were gathered, money was, a property was turned into money and money was disbursed to creditors according to the confirmed plan. But did the debtor reorganize? It's not in operation at this time. Okay. To the best of my knowledge, Your Honor. So you're conceding that the debtor is not in the marketplace? To the best of my knowledge, no. Okay. On the 28, 13, 34, and 157, jurisdiction extends only to proceeding arising under Title 11, arising in- So the bankruptcy court had a reorganization plan that apportioned how funds were to be distributed to certain creditors. So the bottom line issue here, at least according from the appellant's position, is that pursuant to that plan, the wrong folks got the right money. Not according to the plan, not according to the confirmation hearing, not according to the distribution and the substantial consummation. But her allegation is that the wrong folks got the money. Well, that's their allegation, Your Honor, but it's not sustained by the facts and it's not sustained by the findings of the bankruptcy court. As you may know, the bankruptcy court clearly stated that there is practically nothing to do in this case, that this newly created or filed complaint won't affect the final disposition of the court, that the plan was consummated, creditors were paid, the state was fully administered, and the case is ready to be closed. If the bankruptcy court entertained the action and made a determination that indeed the wrong creditors were given money out of the fund that were set aside and that the money should have gone to the appellant in this case, why isn't that just part of a continuation of the core bankruptcy proceeding that was in the bankruptcy court? To a better of my knowledge, it hasn't been brought to the court, Your Honor. What do you mean it hasn't been brought to the court? They're alleging that the bankruptcy court has ongoing jurisdiction over orders of the bankruptcy court. But as the case moves on, that ample jurisdiction shrinks. Once the case is confirmed, then... Our court has been recently grappling with what kind of jurisdiction does the bankruptcy court retain once there's a discharge plan. Ms. Helpy and I just submitted a case to publication today which might impact your thinking about this. I know you haven't had the benefit of reading it, but we've talked about just because there's a discharge plan doesn't mean that the bankruptcy court automatically loses jurisdiction and rather it's a situational inquiry, case-by-case situational inquiry. That's correct, Your Honor. I agree with you. The confirmation of the plan and the confirmation of the plan by itself does not close its jurisdiction of the bankruptcy court. I'm sorry, of the bankruptcy court. But jurisdiction must be ascertained of any functionality of the process that is being brought before the court and the confirmation of the plan and the substantial consummation and the payment to creditors. All the state property was vested on the reorganized debt or even though it's a liquidation plan. So at the end... But the gist of their argument is that improper payments were made, that the confirmation plan wasn't properly implemented. Isn't that the gist of their argument? But that wasn't, and it wasn't made, nor any action was taken as to effect of the confirmation of the plan of the distribution to creditors. Creditors just filed the complaint. So when would the jurisdiction of the bankruptcy court end? If we keep, you know, addressing matters that could come up with a creditor and other parties in the case just because they were together in a bankruptcy court, a case that doesn't expand the jurisdiction of the court. But isn't this case more than that? Because the argument is this requires interpreting the plan because the liquidating plan was incorporated into the final plan here. And so you have to actually interpret the terms of the plan itself is your opposing counsel's argument. Why is that wrong? That's a determination of the bankruptcy court. The bankruptcy court, in their opinion, stated that the plan was fully consummated, was confirmed, property was disbursed, creditors were paid, and nothing has been attacked to the confirmed plan or the confirmation order. There's nothing brought to the court for interpretation of the plan that was submitted. In fact, the bankruptcy court noted that this pass-through claim is not part of the plan. And that's a determination of the bankruptcy court. So to our view, this complaint seeks to expand our jurisdiction that doesn't exist. And they have on the local court any remedy. The bankruptcy court told them, listen, you shall pursue your claim through the content matter. And the Lord, Continental Lord, ignored that. So they did have a remedy, and the bankruptcy court stated that that was the correct remedy to be used, not a complaint outside the boundaries of the bankruptcy court jurisdiction. And that was also affirmed by the district court. And with the bankruptcy court, again, I'm just trying to make sure I understand the facts correctly, because the opposing counsel said her client wants to stay in bankruptcy court. But as I understood the bankruptcy court's decision, it was that they should file a motion for contempt in the underlying bankruptcy proceeding. Isn't that correct? That was what the bankruptcy court stated. So they would still be in front of the bankruptcy court in that situation. Yeah, and still they got to prove that they were in violation. But the wrong vehicle doesn't amount to the correct jurisdictional matter. The thing here is that the complaint does not comply with the jurisdictional constraints of the bankruptcy limited jurisdiction. So if the bankruptcy court said you should file a contempt proceeding in the bankruptcy court, would you contest the bankruptcy court's jurisdiction to hear a contempt proceeding? I won't venture to answer that because that is not on the table at this time, Your Honor. But I think the bankruptcy court's reasoning, if I remember correctly, and you can tell me if I'm wrong, is that a court always has jurisdiction to enforce its own orders. Wasn't that essentially what the court was saying? I'm sorry. May I continue? Yes, that's what the bankruptcy court said. Nonetheless, Continental Law didn't take that avenue. They continue to pursue the complaint which has been deemed by the district court and the bankruptcy court that they have no subject matter jurisdiction over them. Do you have any other further questions? Thank you, counsel. Thank you, Your Honor. Two minutes rebuttal. Please identify yourself. Once again, Isabel Friana on behalf of Continental Law. We would like to make a clarification because a brother counsel I believe is misleading the court. When the bankruptcy court reopened the case, it determined that by incorporating foot one into the reorganization plan, it incorporated the pass-through agreement or liquidating agreement entered by the court. So it was integral part of the confirmation plan, and it was an integral obligation of the debtor to comply with the rights that were agreed in that liquidation agreement. So it's not the fine. It became part of the plan. It is part of the plan, and debtor had to comply with a plan that incorporated the liquidation agreement, which by its terms states that if recovery is made against the owner, the subcontractor gets paid.  Was there a trustee monitoring distribution of funds? I'm sorry? Was there a trustee monitoring distribution of the funds? There was a trustee appointed into the litigation trust, which was in charge of ensuing and pursuing all collections, and who is the entity that received the funds and should have distributed in conformity with the reorganization plan as confirmed. There are certain cases that... So you're saying that the trustee acted improperly in the implementation of the funds? Not necessarily. The litigation trust was created by the confirmed plan. It had a due date. Upon the due date, the trustee delivered the documents and access to the funds that were still pending distribution to the plan administrators, which turned out to be the stockholders of the corporation. It is the stockholders of the corporation, the Redondo brothers, who were entrusted to comply with the provisions of the plan, in which my client's right to payment was contemplated. Contrary to that, they proceeded and distributed among themselves and related entities all the funds, part of which included my client's funds. So it's the debtors and its officers that failed to comply with the plan as confirmed. Was the trustee monitoring what the brothers were doing? I'm sorry, I didn't answer. Was the trustee monitoring the way the brothers distributed the funds? No, because the trustee's functions ended when the trust was terminated. But once the trust was terminated, the funds and the documentation was delivered to the stockholders and officers of the corporation, which are the Redondo brothers, and they took control of the funds. And notwithstanding that there were certain issues pending before the bankruptcy court, they distributed the funds among themselves, and that's where the claim for wrongly payment is created. Thank you, Counsel. Thank you. Court is adjourned until tomorrow, 930 a.m. God save the United States of America and this honorable court.